ADR E-FILING
ORIGINAL FILED
JUL 17 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

Attorneys for Plaintiff

C06-04368 HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN D. WRIGHT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No.<br><br>CLASS ACTION<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.; CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.; AND CAL. CIV. CODE §§ 1750 ET SEQ.<br><br>JURY TRIAL DEMANDED |

Plaintiff Edwin D. Wright ("Plaintiff") brings this action against Hewlett Packard Company ("HP" or "Defendant"), on behalf of himself and all others similarly situated, upon information and belief based upon the investigation of his counsel, except as to his own actions and the facts that are a matter of public record, as follows:

### SUBSTANTIVE CLAIMS

1.  Defendant marketed and sold HP Pavilion Home PCs model series 100, 300, 400, 500, 600, 700 and 800 that were configured to order (the "PCs") to consumers during the period July 12, 2002 to the present (the "Class Period") by promising free technical phone assistance to

CLASS ACTION COMPLAINT                                                                                  Page 1

diagnose potential hardware problems for as long as the consumers owned their PCs.

2. HP's' "Limited Warranty Statement" for the PCs provides in pertinent part:

DURATION OF LIMITED WARRANTY

| | |
|---|---|
| Hardware – Parts and Labor | 1 Year |
| Technical phone assistance to diagnose potential hardware issues | As long as YOU (the original owner) own the HP Pavilion. The Technical phone assistance program is not transferable. |

3. At the time of purchase and for one year thereafter, consumers were offered the option of purchasing various warranty upgrades for their PCs. Defendant's warranty upgrade offer included a "No Warranty Upgrade" option, which reiterated the terms of the limited warranty: "1 year Hardware warranty – The standard warranty provides 1 year of parts and labor. Repair services include send-in to depot, carry-in to an authorized service provider and customer self repair (for replacement parts). – Technical phone support to diagnose hardware problems is free for as long as you own the PC."

4. The PCs were marketed for sale to consumers who would use the PCs at home.

5. Plaintiff and the Class members bought PCs pursuant to HP's promise to provide them with free technical phone assistance for as long as they owned their PCs.

6. HP failed to provide consumers, including Plaintiff and Class members, with free technical support as promised.

7. Plaintiff attempted to obtain the promised free technical support from HP, but HP refused to provide that technical support.

8. Plaintiff filed a complaint with the North Carolina Department of Justice on or about February 8, 2006, stating that HP refused to honor its warranty to provide free technical phone support for his PC.

9. HP's representative, Ginger Borge, responded to Plaintiff's complaint to the North Carolina Department of Justice on or about March 3, 2006, claiming that "the technical

phone support that is free for the life of [Plaintiff's] unit is referring to the toll free number that [Plaintiff] may call so to not incur phone charges."

10. As a result of HP's false and misleading statements and its failure to honor its warranties, Plaintiff and members of the Class have suffered pecuniary losses, including but not limited to the purchase price of their PCs and payment for technical support that HP promised to provide for free.

11. Plaintiff asserts claims under Business and Professions Code §§ 17200 et seq. and 17500 et seq., and Civil Code §§ 1750 et seq.

## PARTIES

12. Plaintiff is a consumer who purchased a PC during the Class Period.

13. HP is a Delaware corporation with its principal place of business located at 300 Hanover Street, Palo Alto, California. HP is a global provider of computing, printing and imaging products and services.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action in which members of the Class are citizens of states other than California. This Court may properly exercise personal jurisdiction over the parties, because Plaintiff and the members of the Class submit to the jurisdiction of this Court and HP is headquartered in California and systematically and continuously does business in this State.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (a) HP maintains its corporate headquarters in this District and (b) a substantial part of the events or omissions giving rise to Plaintiff's and Class members' claims occurred in this District.

## CLASS ACTION ALLEGATIONS

16. This action may properly be maintained as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff brings this action as a class action on behalf of the following Class:

> All persons in the United States who purchased for their own use and not for resale a PC during the period July 12, 2002 to the present. Excluded from the Class are Defendant and its affiliates.

17. Although the exact number of Class members is presently unknown, Plaintiff is informed and believes and thereon alleges that the Class will number hundreds of thousands of consumers. The PCs were sold throughout the State of California and the United States directly by Defendant and third-party retailers on the Internet, as well as in stores. The members of the Class are so numerous that joinder of all members is impracticable.

18. There exists a well-defined community of interest in the questions of law and fact presented by this controversy. These questions of law and fact common to Plaintiff and other Class members predominate over questions which may affect only individual members, if any, because Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole. Among the questions of law and fact common to the Class are:

   a) whether HP warranted that purchasers of PCs would receive free technical phone support to diagnose hardware problems for as long as they owned their PCs;

   b) whether HP refused to honor its warranties to provide purchasers of the PCs with free technical phone support to diagnose hardware problems;

   c) whether Defendant knew, or was reckless in not knowing, that its statements of fact to Plaintiff and the Class about the PCs were false and/or misleading;

   d) whether, by the misconduct alleged herein, Defendant has engaged in unfair, deceptive or unlawful business practices with respect to the advertising, marketing and sale of the PCs;

   e) whether, by its misconduct alleged herein, Defendant has engaged in unfair, deceptive, untrue, or misleading advertising of the PCs;

   f) whether, as a result of its misconduct, Defendant has advertised goods or services with intent not to sell them as advertised; and

     g)   whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to restitution, equitable relief and other relief, and, if so, the amount and nature of such relief.

19. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the other Class members because Plaintiff and all Class members were injured by the same wrongful acts and practices in which Defendant engaged, as alleged herein.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the Class members. In addition, Plaintiff has retained attorneys who are experienced and competent in the prosecution of complex and class litigation. Neither Plaintiff nor his attorneys have any conflict in undertaking this representation.

21. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

23. Common questions of law and fact predominate in this case, and a class action is the only appropriate method for the complete adjudication of this controversy for the following reasons, among others:

     a)   The individual amounts of restitution involved, while not insubstantial, are generally so small that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

     b)   Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation; and

   c) Individual actions would unnecessarily burden the courts and waste precious judicial resources.

24. Notice to the members of the Class may be accomplished inexpensively, efficiently and in a manner best designed to protect the rights of all Class members.

25. California, as the site of HP's headquarters and the place where all significant decision-making with respect to the PCs occurred, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify a nationwide class of consumers, applying California law.

26. Certification of a nationwide class under the laws of California is appropriate because:

   a) HP conducts substantial business in California;

   b) HP's principal offices and corporate headquarters are located in California;

   c) HP's marketing, promotional activities, and literature are coordinated at, emanate from, and/or are developed by HP's California offices; and

   d) a significant number of Class members reside in California.

### FIRST CLAIM FOR RELIEF
### (VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

27. The preceding paragraphs of this Complaint are realleged and incorporated by reference as if fully set forth herein.

28. Plaintiff brings this action on behalf of himself and on behalf of the Class.

29. Cal. Bus. & Prof. Code §§ 17200 et seq. prohibits all unlawful, unfair or fraudulent business practices and/or acts. Said statute is liberally construed to protect the public.

30. In doing the acts alleged herein, Defendant engaged and continues to engage in an unlawful, unfair and deceptive business practice in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. Defendant's wrongful conduct alleged herein is part of a pattern or generalized course of conduct that occurred and continues to occur in the ordinary course of Defendant's business. Thus, Defendant's conduct impacts the public interest.

31. Defendant's acts and practices have and/or are likely to deceive consumers.

32. Defendant's acts and practices are unlawful because they violate Civil Code §§ 1572, 1573, 1709 and 1770(a)(9). Defendant's acts and practices are also unlawful because they violate Cal. Bus. & Prof. Code §§ 17500 et seq. Specifically, Defendant marketed, advertised and sold the PCs through false and deceptive representations that HP would provide free technical support for hardware problems for as long as consumers owned their PCs. Such claims are material and substantial.

33. Plaintiff, on behalf of himself and the Class, seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Cal. Bus. & Prof. Code § 17203 and Civil Code § 3345, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civ. Proc. § 1021.5.

**SECOND CLAIM FOR RELIEF**
**(VIOLATIONS OF CAL. CIVIL CODE §§ 1750 ET SEQ.)**

34. The preceding paragraphs of this Complaint are realleged and incorporated by reference.

35. Plaintiff brings this action on behalf of himself and on behalf of the Class.

36. At all times relevant hereto, Plaintiff and each Class member was a "consumer," as that term is defined in Civ. Code § 1761(d).

37. At all times relevant hereto, Defendant's products, the PCs, constituted "goods," as that term is defined in Civ. Code § 1761(a).

38. At all times relevant hereto, Defendant constituted a "person," as that term is defined in Civ. Code § 1761(c).

39. At all times relevant hereto, Plaintiff's and each Class member's purchase of Defendant's product, the PC, constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

40. Cal. Civil Code § 1770 provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any

CLASS ACTION COMPLAINT                                                                                       Page 7

1 consumer are unlawful: . . . (9) Advertising goods or services with the intent not to sell them as
2 advertised. Civil Code § 1770(a)(9).

3   41.   Defendant has made and continues to make uniform written representations that it
4 will provide purchasers of PCs with free technical support for as long as the consumer continues
5 to own the PC. These representations, as set forth above, were and are false and/or misleading
6 and violate Cal. Civ. Code §§ 1750 et seq..

7   42.   As a direct and proximate result of Defendant's violations of law, Plaintiff and the
8 Class are entitled to the following relief: (a) injunctive relief, requiring Defendant to provide
9 free technical support for the PCs; (b) restitution of all moneys paid to Defendant for the PCs and
10 for technical support for the PCs; and, (c) the recovery of all attorneys' fees, costs, and expenses
11 of conducting this action.

12   43.   Pursuant to the provisions of Civil Code § 1782, Plaintiff has given notice to HP
13 of his intention to file an action under Civil Code §§ 1750, *et seq.* unless HP "correct[s], or
14 otherwise rectify[ies]" the consumer fraud resulting from the misrepresentation and subsequent
15 sale of PCs. Copies of Plaintiff's CLRA notice to HP is attached hereto as Exhibit A.

### THIRD CLAIM FOR RELIEF
### (VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.)

  44.   The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff brings this cause of action on behalf of himself and the Class.

  45.   During the Class Period, Defendant has advertised, marketed and sold to the public the PCs on a nationwide basis, including in California.

  46.   Defendant has engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the purchase of the PCs.

  47.   Defendant's advertisements and marketing representations regarding the technical support that it will provide to purchasers of the PCs are false, misleading and deceptive as set forth more fully above.

  48.   At the time it made and disseminated the statements alleged herein, Defendant knew or should have known that the statements were untrue, deceptive or misleading, and acted

1  in violation of Cal. Bus. & Prof. Code §§ 17500 et seq.

2      49.     Defendant actively concealed its knowledge that it would not honor its advertised warranty to provide free technical support for purchasers of the PCs.

4      50.     Defendant's acts of untrue and misleading advertising present a continuing threat to consumers because such advertisements induced consumers to purchase the PCs and now many such consumers regularly pay Defendant for the same technical support that they were promised they would receive for free.

8      51.     As a result of the violations of California law described above, Defendant has been and will be unjustly enriched at the expense of Plaintiff and the members of the Class. Specifically, Defendant has been unjustly enriched by receipt of millions of dollars in monies received from customers who purchased the PCs which were marketed, advertised and sold in the State of California and the United States through material misrepresentations regarding the service that HP would provide to PC purchasers.

14      52.     As a result of the violations of California law described above, Defendant has also been and continues to be unjustly enriched at the expense of members of the Class, because Class members have paid and continue to pay Defendant for providing the same technical support service that HP promised it would provide for free.

18      53.     As a result of the violations of California law described above, Plaintiff and the members of the Class have suffered injury in fact and have lost money.

20      54.     Plaintiff seeks restitution, injunctive relief, and all other relief allowable under Bus. & Prof. Code §§ 17535 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.     Certify that this action may be maintained on behalf of a Class, with Plaintiff as the Class Representative;

B.     Order that all payments made for the PCs be returned to Plaintiff and the members of the Class because Defendant procured them through unfair trade practices and in violation of state law;

C. Award to Plaintiff and each member of the Class restitution of all amounts paid to Defendant for their PCs and all amounts paid to Defendant for any technical support it provided them;

F. Order that Defendant be enjoined from engaging in unfair and/or deceptive acts or practices, as set forth in this Complaint;

G. Order that Defendant provide free technical support to diagnose hardware problems with the PCs for as long as the Class members own their PCs;

H. Award Plaintiff and the members of the Class the costs of suit and attorneys' fees; and

I. Award all other relief to which Plaintiff and Class members may be entitled at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: July 12, 2006                    SCHUBERT & REED LLP

By: _____
    JUDEN JUSTICE REED

Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220

Attorneys for Plaintiff

1 ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
2 MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
3 Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
4 Telephone: (415) 788-4220
Facsimile: (415) 788-0161
5
Attorneys for Plaintiff
6

7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  EDWIN D. WRIGHT, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| 11 | |
| 12  Plaintiff, | CLASS ACTION |
| 13  v. | DECLARATION OF EDWIN D. WRIGHT |
| 14  HEWLETT-PACKARD COMPANY, | |
| 15  Defendant. | |

16 I, EDWIN D. WRIGHT, hereby declare:

17     1.     I am the plaintiff in the captioned matter.

18     2.     I have read the foregoing CLASS ACTION COMPLAINT and know its contents. I
19 am informed and believe that the matters stated therein are true and correct.

20     3.     On information and belief, this action has been commenced in a county that is a
21 proper place for trial of the action. Defendant Hewlett-Packard Company's headquarters is located
22 in Palo Alto, California and conducts substantial business in this County.

23 I declare under penalty of perjury under the laws of the United States of America that the
24 foregoing is true and correct.

25 Executed this 12th day of July 2006 in Lumberton, North Carolina.

26

27                                               Edwin D. Wright

28

# EXHIBIT A

## SCHUBERT & REED LLP
THREE EMBARCADERO CENTER, SUITE 1650
SAN FRANCISCO, CALIFORNIA 94111
WWW.SCHUBERT-REED.COM

ROBERT C. SCHUBERT
JUDEN JUSTICE REED P.C.
WILLEM F. JONCKHEER

AARON H. DARSKY
MIRANDA P. KOLBE
PETER E. BORKON

TELEPHONE: (415) 788-4220
TELECOPIER: (415) 788-0161

July 11, 2006

<u>Certified Mail – Return Receipt Requested</u>

Mark V. Hurd
Chief Executive Officer and President
Hewlett-Packard Company
3000 Hanover Street
Palo Alto, CA  94304

Re:  <u>HP Pavilion Configured to Order ("CTO") Home PCs Model Series 100, 300, 400, 500, 600, 700 and 800</u>

Dear Mr. Hurd:

Pursuant to § 1782 of the California Consumers Legal Remedies Act, my client, Edwin D. Wright, hereby notifies Hewlett-Packard Company ("HP") that he believes HP has violated California Civil Code § 1750 et seq., and that he will file suit on behalf of himself and a class of similarly situated consumers (the "Class"), unless HP rectifies the consumer fraud resulting from the misrepresentation and subsequent sale of HP Pavilion Configured to Order ("CTO") Home PCs Model Series 100, 300, 400, 500, 600, 700 and 800 (the "PCs") as described below.

Mr. Wright alleges that HP has made false and misleading statements and has concealed material information in the marketing, advertising, and sale of the PCs to consumers during the period July 12, 2002 to the present. Defendant marketed and sold the PCs by promising free technical phone assistance to diagnose potential hardware problems for as long as the consumers owned their PCs. Plaintiff and the hundreds of thousands of other consumers bought PCs pursuant to HP's promise, yet HP failed to provide consumers, including Plaintiff and Class members, with that free technical support.

As a result of HP's false and misleading statements and its failure to honor its warranties, Plaintiff and the Class have suffered pecuniary losses, including but not limited to the purchase price of their PCs and payment for technical support that HP promised to provide for free.

Mr. Wright hereby demands that HP immediately refund to him and all purchasers of PCs during the period July 12, 2002 to the present all monies paid made for their PCs, as well as all monies paid to HP for telephone support for their PCs. Mr. Wright further demands that HP cease representing that it will provide free technical support for the PCs or, in the alternative, actually provide free technical support for the PCs for as long as Plaintiff and the Class members own their PCs.

Sincerely,

Juden Justice Reed, Esq.
Attorney for Edwin D. Wright