1  ROBERT C. SCHUBERT S.B.N. 62684
   MIRANDA P. KOLBE S.B.N. 214392
2  SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
   Three Embarcadero Center, Suite 1650
3  San Francisco, CA 94111
   Telephone: (415) 788-4220
4  Facsimile: (415) 788-0161

5  *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WRIGHT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY<br><br>Defendant. | Case No. C06-04368 (HRL)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD**<br><br>Date: October 24, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeremy Fogel<br>Dept.: Courtroom 3 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD

## **TABLE OF CONTENTS**

I. STATEMENT OF THE CASE ........................................................................................... 1
    A. The Class Action ..................................................................................................... 1
    B. The Settlement Negotiations ................................................................................... 2
    C. The Terms of the Proposed Settlement ................................................................... 2
    D. Preliminary Approval of the Settlement ................................................................. 3
    E. Classwide Notice ..................................................................................................... 4
    F. Class Members' Response to the Settlement .......................................................... 4

II. ARGUMENT ....................................................................................................................... 4
    A. The Proposed Class Action Settlement Merits Approval ....................................... 4
        1. The Standards Governing Judicial Approval Of Class Action Settlements ...... 4
        2. The Amount Offered In Settlement .................................................................. 5
        3. The Reaction of Class Members To the Proposed Settlement .......................... 6
        4. The Strength of Plaintiff's Case and the Risk of Maintaining Class Status Through Trial ..................................................................................................... 6
        5. The Risk, Complexity and Likely Duration of Further Litigation .................... 7
        6. The Extent of Discovery Completed and the State of the Proceedings ............ 7
        7. The Experience and Views of Counsel ............................................................. 8
    B. The Application For An Award Of Attorneys' Fees And An Incentive Award Merits Approval ..................................................................................................... 8

III. CONCLUSION ................................................................................................................ 10

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS           i.

# TABLE OF AUTHORITIES

**Cases**

*7-Eleven Owners for Fair Franchising v. The Southland Corp.*, 85 Cal. App. 4th 1135 (2000) ......... 5

*Collins v. Thompson*, 679 F.2d 168 (9th Cir. 1982) .................................................................. 5

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977) ..................................................................... 8

*Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794 (1996) ........................................................... 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ........................................................ 9

*In re Continental Ill. Sec. Lit.*, 962 F.2d 566 (7th Cir. 1992) ................................................. 10

*In re Domestic Air Transportation Antitrust Litig.*, 148 F.R.D. 297 (N.D.Ga., 1993) .......... 10

*In re Paine Webber Ltd. P'ships Litig.*, 171 F.R.D. 104 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2nd Cir. 1997) ............................................................................................................... 6

*Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181 (S.D.Cal. 2005) ........................................ 7

*Linney v. Alaska Cellular P'ship*, 1997 WL 450064 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998) .................................................................................................... 5

*Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338 (9th Cir. 1980) ................................... 5

*Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ........................ 8

*Officers for Justice v. Civil Service Comm. of the City and County of San Francisco*, 688 F.2d 615 (9th Cir. 1982) .................................................................................................... 5

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ................................................................. 5

*Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) ............... 9, 10

*Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977) ............................................. 8

Plaintiff Edwin Wright ("Plaintiff"), by counsel, and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, hereby files his Memorandum of Points and Authorities in Support of the Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses and Incentive Award. For the reasons stated herein, Plaintiff respectfully submits that this Court should enter the [Proposed] Final Order and Judgment granting final approval to the proposed settlement with Defendant Hewlett-Packard Company ("HP"), certifying the Class for settlement purposes and approving the requested award of attorneys' fees and expenses of $150,000 and an incentive payment of $20,000 to be paid to Plaintiff Wright.

## I. STATEMENT OF THE CASE

### A. The Class Action

On July 17, 2006, Plaintiff commenced this proposed nationwide class action against defendant Hewlett-Packard Company ("HP"), alleging that HP sold certain models of configured-to-order HP Pavilion Home Personal Computers (the "PCs") to consumers by promising its customers free "[t]echnical phone assistance to diagnose potential hardware issues…[a]s long as YOU (the original owner) own the [PC]." (Docket Entry No. 1.) Plaintiff further alleged that HP refused to provide consumers, including Plaintiff, with the promised free technical support to diagnose potential hardware issues. (*Id.*) Based upon these allegations, Plaintiff asserted claims for violations of the California Unfair Competition Law, Business and Professions Code section 17200 *et seq.*, California False Advertising Law, Business and Professions section 17500 *et seq.*, and California Consumer Legal Remedies Act, Civil Code sections 1750 *et seq.* (*Id.*) Excluded from the Settlement Class are HP, as well as its officers, directors and employees. (*Id.*)

HP answered the Complaint on August 28, 2006. (Docket Entry No. 4.) In its Answer, HP denied that it misrepresented or falsely advertised the PCs; denied that its limited warranty statement was uniform for all of the PCs; and denied that it treated the Class members uniformly. (*Id.*) HP further contended that any failure to provide Plaintiff with free technical phone assistance to diagnose potential hardware issues was the result of an administrative error, and consequently, this action was not suitable for class treatment. (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS 1.

The parties made their initial disclosures pursuant to Rule 26(f) on October 13, 2006, and appeared at an initial case management conference October 20, 2006, at which Judge Fogel declined to set a discovery and pre-trial schedule in light of the parties stated intention to pursue mediation. (Docket Entry 14.) The parties agreed to attended mediation before Antonio Piazza, Esq. to be held on April 18, 2007.

In advance of the mediation, the parties engaged in substantial informal and formal discovery. Declaration of Miranda P. Kolbe in Support of Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses and Incentive Award ("Kolbe Decl."), ¶¶ 4 & 10. Prior to filing the Complaint, Plaintiff's counsel spent substantial time investigating Plaintiff's claims. *Id.*, ¶ 4. Subsequently, the parties exchanged documents and information on an informal basis, and Plaintiff's counsel undertook the depositions of HP and of an HP employee, Ginger Borges. *Id.* Also in advance of the mediation, the parties prepared and exchanged mediation briefs. *Id.* As a result, Plaintiff and his counsel were able to fully evaluate Plaintiff's claims prior to entering into settlement discussions. *Id.*, ¶ 10.

**B.     The Settlement Negotiations**

Extensive settlement negotiations have taken place between the parties, which culminated in a face-to-face mediation session conducted by Antonio Piazza, Esq. The mediation, held on April 18, 2007, was attended by Plaintiff and a representative of HP, along with the parties' counsel. Kolbe Decl., ¶ 11. At that mediation session, the parties entered into a memorandum of understanding, which was subsequently memorialized in the Settlement Agreement, for which the parties now seek final approval.

**C.     The Terms of the Proposed Settlement**

The parties have agreed to the entry of an injunction, in the form of or substantially similar to the "Settlement Order, Injunction and Judgment" attached as Exhibit C to the Settlement Agreement, ordering HP to provide free technical phone assistance to diagnose potential hardware issues to the Settlement Class for as long as these individuals continue to own their PCs. (Docket Entry 26.)

In addition, HP will establish a Settlement Fund consisting of $500,000 that will be distributed to the Settlement Class Members in the following manner: (i) an award of $40 will be paid to all Settlement Class Members who were charged by HP for the provision of technical phone assistance to diagnose potential hardware issues during the Class Period for each charge imposed upon them by HP; and (ii) from out of the Settlement Fund remaining after payment of the $40 awards, an award of $20 per person will be paid to each Settlement Class Member who was denied technical phone assistance to diagnose potential hardware issues during the Class Period, but who did not pay HP to receive technical support. (Docket Entry No. 26, ¶ 2.2.) Settlement Class Members will not need to fill out and return a claim form. Instead, HP will automatically issue the $40 and $20 awards. *Id.* Any remainder of the Settlement Fund after paying the $40 and $20 awards will revert back to HP. *Id.*

According to the Claims Administrator, there are 186,682 Class Members. Declaration of Kimberly K. Ness on Behalf of Claims Administrator ("Ness Decl."), ¶ 4. 4,097 of these Class Members will receive payments of $40 or more totaling $164,440; 7,663 Class Members will receive payments of $20 or more totaling $163,260; and all of the Class Members will benefit from the entry of the injunction ensuring that HP will provide free technical phone assistance to diagnose potential hardware issues to the Settlement Class for as long as these individuals continue to own their PCs. *Id.*, ¶ 14; *see also* Docket Entry No. 26, ¶ 2.2.

### D. Preliminary Approval of the Settlement

On October 10, 2007, Plaintiff filed his motion seeking preliminary approval of the proposed nationwide class action settlement (Docket Entry Nos. 23-28.) On December 14, 2007, the Court held its hearing on the preliminary approval motion and requested additional information to be provided regarding whether there would be sufficient funds available to pay all of the Class Members who were entitled to $40 as well as all of the Class Members who were entitled to $20 under the terms of the Settlement from out of the $500,000 Settlement Fund. In response to this request, on January 7, 2008, Robert A. Particelli, Esq., a partner with Morgan, Lewis & Bockius, LLP, attorneys for HP in this matter, submitted a declaration to the Court, attesting that he believed that there would be sufficient funds available. (Docket Entry No. 35). On June 20, 2008, this Court

entered its Order Granting Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class ("Preliminary Approval Order"). (Docket Entry No. 37.)

### E. Classwide Notice

On August 4, 2008, following the entry of this Court's Preliminary Approval Order, classwide notice was emailed to 154,109 Class Members and mailed via first-class mail to 32,573 Class Members. Ness Decl., ¶ 5. On August 12, 2008, classwide notice was mailed via first-class mail to 66,826 of the 154,109 Class Members whose email notice had been returned as undeliverable. *Id.*

In addition, beginning on August 2, 2008 and continuing through August 4, 2008, summary notice was published in *USA Today* and *PC World*. Ness Decl., ¶ 6. The Claims Administrator also established a website, www.hpwarrantysettlement.com, to provide information to potential Class Members and others seeking information about the proposed Settlement. *Id.*, ¶ 7.

### F. Class Members' Response to the Settlement

The reaction of Class Members to the Settlement has been overwhelmingly positive. As noted previously, there are 186,682 identified Class Members. Ness Decl., ¶ 4. Of these, only thirty-two (32) have opted out of the Settlement Class and only one has objected. Ness Decl., ¶¶ 11-12 and Exhibits B and C thereto. The objection states: "During my warranty period my printer would not print properly (it would not copy printed lines in a vertical manner, it would copy printed lines in a flight of steps manner) HP could not ,and did not correct, or instruct me how to correct the printing problem….." *Id.*, Exhibit C. Therefore, the sole objection not only fails to address the terms of the proposed Settlement, but it is entirely unrelated to the claims made in this litigation, which involve PCs, not printers.

## II. ARGUMENT

### A. The Proposed Class Action Settlement Merits Approval

#### 1. The Standards Governing Judicial Approval Of Class Action Settlements

"'[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation .'" *7-Eleven Owners for Fair Franchising v. The*

*Southland Corp.,* 85 Cal. App. 4th 1135, 1151 (2000) (quoting *Officers for Justice v. Civil Service Comm. of the City and County of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982)). Rule 23(e) requires court approval of any class action settlement. *Officers for Justice,* 688 F.2d at 623-24; *see also Collins v. Thompson,* 679 F.2d 168, 172 (9th Cir. 1982); *Mendoza v. Tucson School Dist. No. 1,* 623 F.2d 1338, 1344 (9th Cir. 1980). Rules 23 recognizes that "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice,* 688 F.2d at 624 (internal citations omitted). "Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Id.* at 625; *see also Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003). In making such a determination, this Court should consider (and, where appropriate, balance) a number of factors, including (1) the amount offered in settlement; (2) the reaction of class members to the proposed settlement; (3) the strength of plaintiff's case and the risk of maintaining class status through trial; (4) the risk, complexity and likely duration of further litigation; (5) the extent of discovery completed and the state of the proceedings; and (6) the experience and views of counsel. *Officers for Justice,* 688 F.2d at 624; *Linney v. Alaska Cellular P'ship,* 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd,* 151 F.3d 1234 (9th Cir. 1998). As set forth below, the proposed nationwide class settlement more than satisfies each applicable standard for approval.

### 2. The Amount Offered In Settlement

The benefits offered to the Class members are fair, thoughtfully designed, adequate, and easily fall within the range of possible settlements. All of the 186,682 identified Class Members will benefit from the injunction requiring HP to provide them with free technical phone assistance to diagnose potential hardware issues for as long as they own the PCs. In addition, each of the Class Members will receive a payment of $40 for each time they paid HP for the provision of technical assistance to diagnose hardware problems with their PCs. These payments amount to a full recovery, because the amount charged by HP for that assistance averaged $40. The Class Members who were denied technical assistance from HP, but who were not charged for such assistance, will receive $20 each. The Settlement provides these benefits immediately and avoids the myriad risks

and uncertain outcome, as well as substantial delay, of continued litigation. The proposed Settlement is therefore not only fair and reasonable to each member of the Settlement Class, but represents an outstanding result achieved early in the Litigation. This factor weighs in favor of approval of the Settlement.

### 3. The Reaction of Class Members To the Proposed Settlement

The reaction of the Class to the Settlement has been overwhelmingly favorable. As noted previously, the Class includes 186,682 identified consumers located throughout the United States. In addition to the publication of the Summary Notice in two nationwide publications, direct notices were sent to Class Members via email and first class mail. In response to the widespread Notice Plan, Plaintiffs' Counsel have received numerous telephone inquiries, as has the Claims Administrator. Kolbe Decl., ¶ 4; Ness Decl., ¶ 7. Only thirty-two (32) Class Members have opted out of the Settlement, and only a single objection has been filed. The "objection" is not to the terms of the Settlement, but instead registers that individual's dissatisfaction with a printer that is not at issue in this case. Ness Decl., Exhibit C. The Class Members' overwhelmingly favorable response and the lack of any substantive objection supports a finding that the Settlement is fair, adequate and reasonable. *See In re Paine Webber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2nd Cir. 1997). This factor weighs in favor of approval of the Settlement.

### 4. The Strength of Plaintiff's Case and the Risk of Maintaining Class Status Through Trial

Plaintiffs' Counsel believe that the claims asserted against HP arising out of the marketing and sale of the PCs are meritorious and that class treatment of those claims would be appropriate. Kolbe Decl., ¶ 10. Furthermore, Plaintiffs' Counsel were prepared to fully litigate the case, including through trial. *Id.*, ¶ 9. However, HP did and would have continued to raise substantial legal and factual defenses to the merits of the claims and to class certification, including but not limited to the following: (a) HP denied that it misrepresented or falsely advertised the PCs at issue in this case; (b) HP denied that its limited warranty statement was uniform for all of the PCs at issue in this case; (c) HP denied that it treated the Class Members in a uniform manner; and (d) HP claimed that the Litigation was not appropriate for classwide treatment, except for settlement purposes. (Docket Entry No. 4.) The substantial recovery that was achieved for the Class in light of

the risk that the case would not ultimately be certified as a class action or that a classwide recovery would not be achieved demonstrates that the Settlement should be approved.

### 5. The Risk, Complexity and Likely Duration of Further Litigation

If this case had not been settled, the Litigation would certainly have been lengthy and hard-fought, with the outcome uncertain. The claims asserted by Plaintiff relate to HP's alleged failure to provide technical support over the phone regarding hardware issues. Proving this wrongdoing on a classwide basis would require investigating all of HP's customer service records to distinguish between those customers who called for assistance with hardware issues – and were denied that assistance - from customers who had called seeking help with other problems, such as the software that was contained on their PCs, and from customers who actually obtained the help that they sought. In addition, Plaintiff would have to show that the PCs were uniformly advertised by offering free "[t]echnical phone assistance to diagnose potential hardware issues…[a]s long as YOU (the original owner) own the [PC]," and, arguably, would also have had to show that consumers relied upon those representations. *See, e.g., Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181 (S.D.Cal. 2005) (holding reliance is an element of a UCL claim for false advertising).

Although substantial discovery has been completed in this case, motion practice has not yet begun, including Plaintiff's motion for class certification. Had Plaintiff secured class certification, there would have been further motions for summary judgment or summary adjudication. All of that expense would have been incurred before the parties even reached trial, let alone any likely appeals thereafter. The trial and appeals process in this case could easily have stretched three years or more into the future. The significant time and effort of resolving this case by trial and possible appeals is saved by the proposed nationwide class action Settlement. Furthermore, some of the relief that might be obtained through continuing litigation, including injunctive relief, would become less meaningful if the litigation extended over a period of years, as many Class Members would replace their PCs as a matter of course. Therefore, this factor also favors approval of the Settlement.

### 6. The Extent of Discovery Completed and the State of the Proceedings

By the time the Agreement was executed, the parties had engaged, on an expedited basis, in substantial discovery. Kolbe Decl., ¶ 4. The parties had exchanged information and documents, and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS 7.

Plaintiff took the depositions of HP and of Ginger Borges, an HP employee. *Id.* As a result, Plaintiff and Plaintiff's counsel were able to fully evaluate Plaintiff's and the Class Members' claims prior to entering into settlement discussions. *Id.*, ¶ 10. Therefore, this factor also weighs in favor of approval of the Settlement.

### 7. The Experience and Views of Counsel

Experienced counsel for both parties have recommended approval of this Settlement. Schubert Jonckheer Kolbe & Kralowec LLP specializes in complex class action litigation. Plaintiffs' Counsel's firm resume is attached to the Kolbe Decl., filed herewith. Kolbe Decl., Exhibit A. This recommendation is afforded even greater weight by virtue of Antonio Piazza's role in mediating the dispute. Mr. Piazza is an experienced mediator whose assistance in reaching the proposed Settlement is entitled to consideration. *See generally Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1799, 1802-03 (1996) (in affirming approval of nationwide settlement, noting that Justice Trotter, the "independent mediator, a retired superior court judge and appellate justice with substantial experience and respect in the legal community, recommended the settlement"); *see also Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977) ("[T]he trial court is entitled to rely upon the judgment of experienced counsel for the parties . . . . Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.") (citations omitted). Accordingly, this factor also weighs in favor of approval of the proposed Settlement.

### B. The Application For An Award Of Attorneys' Fees And An Incentive Award Merits Approval

In accordance with Sections 2.5-2.6 of the parties' Settlement Agreement (Docket Entry No. 26), Plaintiff's counsel applies to this Court for an award of attorneys' fees and expenses incurred in prosecuting this class action of $150,000 and for an incentive award to be paid to the named Plaintiff; these awards are to be paid by HP and will not affect the recovery to the Class.

In accordance with Ninth Circuit precedent, Plaintiff's counsel is entitled to recover reasonable attorneys' fees and the costs of litigation. *See, e.g., Vincent v. Hughes Air West, Inc.,* 557 F.2d 759 (9th Cir. 1977). Reasonable fees may be calculated either through the "lodestar" method or as a percentage of the recovery. *See Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). "Lodestar" calculations are determined by multiplying the number of hours

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS 8.

reasonably expended by a reasonable hourly rate. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

In this case, as set forth in the accompanying Kolbe Decl., Plaintiff's counsel have expended a total of 460 hours to date prosecuting this litigation. Kolbe Decl., ¶ 5. Multiplied by their current hourly rates, Plaintiff's counsel have accrued a lodestar of $234,758.00. In addition, Plaintiff's counsel's out-of-pocket expenses for items such as copying, filing fees, travel to and from depositions, and mediation total $16,602.00. *Id.*, ¶ 6. Because Plaintiff's counsel's lodestar and expenses total over $250,000, the fee and expense award of $150,000 sought by Plaintiff's counsel in this matter is more than reasonable.

The requested fee and expense award is also reasonable in light of the recovery to the Class. As noted previously, 186,684 identified Settlement Class Members will benefit from the entry of the injunction ensuring that HP will provide free technical phone assistance to diagnose potential hardware issues to the Settlement Class for as long as these individuals continue to own their PCs. HP has established a Settlement Fund of $500,000 out of which 4,097 Class Members will receive payments of $40 or more, and 7,663 Class Members will receive payments of $20. Ness Decl., ¶ 14. HP has also paid for the costs of notice and settlement administration. Therefore, if the requested fee award was calculated based upon a percentage of a settlement fund basis, the requested fee award of $133,398 ($150,000 minus $16,602 for expenses) would not only represent less than thirty percent of the $500,000 Settlement Fund, but also would represent less than thirty percent of the combined cost of the estimated payments to the Class Members of $317,700 to date, notice and administration, and attorneys' fees and expenses.

This Court has discretion to decide whether Plaintiff is entitled to be paid an "incentive" (or "enhancement") award, taking into account such factors as the amount of time and effort spent by the class representative. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). In this case, Plaintiff devoted substantial time seeking relief both from HP itself and through the North Carolina Attorney General's Consumer Advocacy Group prior to filing this case. Kolbe Decl., ¶ 11. Throughout the litigation itself, Mr. Wright has provided substantial assistance to counsel by producing documents and reviewing documents that were produced by HP, reviewing

documents submitted to the Court as well as to the mediator, traveling across the country to personally attend the mediation, and conferring with counsel as needed. *Id.*

The requested incentive award is reasonable given Plaintiff's substantial services in this Litigation and the policy of encouraging people to come forward to litigate meritorious claims on behalf of their fellow consumers. *See In re Continental Ill. Sec. Lit.*, 962 F.2d 566, 571 (7th Cir. 1992) ("[s]ince without a named plaintiff there can be no class action, such compensation ... could be thought the equivalent of the lawyers' non legal but essential case specific expenses"); *In re Domestic Air Transportation Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D.Ga., 1993) ("[t]he Court finds that incentive awards are appropriate to recognize the efforts of the representative plaintiffs to obtain recovery for the class"). Plaintiff Wright spent many hours working with Plaintiffs' Counsel to obtain the best possible result under all of the circumstances. Kolbe Decl., ¶ 11. For similar reasons, incentive awards routinely are awarded in class and representative actions litigated in California. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299-300 (N.D. Cal., 1995) (awarding incentive payment of $50,000 to one plaintiff).

### III. CONCLUSION

For the reasons stated herein, Plaintiff respectfully submits that this Court should enter the [Proposed] Final Order and Judgment granting final approval to the proposed Settlement and approve his application for payment of attorneys' fees and reimbursement of litigation expenses in the amount of $150,000.00 and an incentive award of $20,000 to be paid to Plaintiff Wright.

Dated: October 9, 2008

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP

By: _____/s/_____
Miranda P. Kolbe

Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

11.