1

2                                                    **E-Filed 10/28/08**

3

4

5    .

6

7

8                              NOT FOR CITATION

9            **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                          **SAN JOSE DIVISION**

12

13   EDWIN WRIGHT, Individually and On Behalf of      Case Number C 06-4368 JF (HRL)
     All Others Similarly Situated,
14                                                    **ORDER[1] GRANTING FINAL**
                              Plaintiff,              **APPROVAL OF CLASS**
15                                                    **LITIGATION SETTLEMENT,**
                     v.                               **PERMANENT INJUNCTION, AND**
16                                                    **JUDGMENT**
     HEWLETT PACKARD COMPANY,
17                                                    [Re: docket no. 38]
                              Defendant.
18

19

20          Plaintiff Edwin Wright ("Plaintiff") moves for final approval of a proposed class action

21   Settlement Agreement ("Agreement") pursuant to Federal Rule of Civil Procedure 23(b)(2), and

22   for an award of attorneys' fees, expenses, and an incentive payment.  Defendant Hewlett Packard

23   Company ("Defendant") does not oppose the motion.  For the reasons discussed below, the

24   motion will be granted and judgment entered accordingly.

25

26   _____

27          [1] This disposition is not designated for publication and may not be cited.

28

1

## I. BACKGROUND

2      Plaintiff filed the instant action on July 17, 2006, alleging that Defendant sold certain

3 models of personal computers ("PCs") to its customers, promising that those customers would

4 receive free technical telephone assistance to diagnose potential hardware problems.  Plaintiff

5 alleges that Defendant failed to provide free technical phone assistance and charged its customers

6 a fee for such assistance.  Plaintiff's complaint asserts claims for violations of California's Unfair

7 Competition Act, False Advertising Act, and Consumer Legal Remedies Act.  On August 28,

8 2006, Defendant filed an answer to Plaintiff's complaint.  Plaintiff and Defendant then engaged

9 in both formal and informal discovery before eventually pursuing settlement discussions and

10 mediation.  The Agreement is the result of those negotiations.

11      The Court previously granted preliminary approval to a version of the Agreement

12 substantially the same as that now presented.  *See* Order Granting Preliminary Approval, filed

13 June 20, 2008.  Following preliminary approval, classwide notice was provided by email,

14 conventional mail, and publication.  *See* Pl.'s Approval Br., at 4:5-13.  The response was highly

15 favorable, with only 32 of the 186,682 identified Class Members opting out.  *Id.* at 4:15-23.

16 Only one Class Member filed an opposition, which was inapplicable to the underlying claims and

17 proposed settlement.  *Id*.

18      The relevant terms of the Agreement now before the Court are as follows:  Defendant will

19 establish a Settlement Fund consisting of $500,000 that will be distributed to the Settlement

20 Class Members in the following manner: (1) an award of $40 will be paid to all Settlement Class

21 Members who were charged by Defendant for the provision of technical phone assistance to

22 diagnose potential hardware issues during the Class Period for each charge imposed upon them

23 by Defendant; and (2) using the balance of the Settlement Fund after payment of the $40 awards,

24 an award of $20 will be paid to each Settlement Class Member who was denied technical phone

25 assistance to diagnose potential hardware issues during the Class Period, but who did not pay

26 Defendant for technical support.  Settlement Class Members will not need to fill out and return a

27 claim form.  Instead, Defendant will automatically issue the $40 and $20 awards.  Any amount

28

Case No. CV 06-4368 JF (HRL)
ORDER GRANTING FINAL APPROVAL OF CLASS LITIGATION SETTLEMENT, PERMANENT
INJUNCTION, AND JUDGMENT
(JFLC3)

remaining in the Settlement Fund after the $40 and $20 awards are paid will be returned to Defendant.

According to the Claims Administrator, there are 186,682 Class Members. *See* Declaration of Kimberly Ness on behalf of Claims Administrator ("Ness Decl."), ¶ 4. Some 4,097 of the Class Members will receive payments of $40 or more, totaling $164,440, while 7,663 Class Members will receive payments of $20 or more, totaling $163,260. An injunction will be entered ordering that HP provide free technical phone assistance to the Class as long as its Members own their PCs.

## II. FINDINGS WITH RESPECT TO THE PROPOSED SETTLEMENT

The Court must determine whether the Agreement is "fundamentally fair, adequate and reasonable." *See* Fed. R. Civ. P. 23(e); *Mego Financial Corp. Sec.* Litig., 213 F.3d 454, 459 (9th Cir. 2000); *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982). "Assessing a settlement proposal requires a district court to balance a number of factors, including: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement." *Mego Financial*, 213 F.3d at 458. The district court also must satisfy itself that the settlement is not the product of collusion among the negotiating parties. *Id.*

In the instant case, the representative Plaintiff and Defendant have negotiated the Settlement Agreement through counsel and at arm's length after lengthy discussions and litigation. The settlement appears to be fundamentally fair, adequate, and reasonable. As an initial matter, all of the 186,682 identified Class Members will benefit from the injunction requiring Defendant to provide them with free technical phone assistance to diagnose potential hardware issues for as long as they own their PCs. In addition, each of the Class Members will receive a $40 payment for each time they paid Defendant for technical assistance to diagnose hardware problems with their PCs. These payments amount to a full recovery because the

Case No. CV 06-4368 JF (HRL)
ORDER GRANTING FINAL APPROVAL OF CLASS LITIGATION SETTLEMENT, PERMANENT INJUNCTION, AND JUDGMENT
(JFLC3)

1   amount charged by Defendant for such assistance also was $40.  The Class Members who were

2   denied technical assistance from Defendant but who were not charged for such assistance will

3   receive $20 each.  This plan of allocating the settlement funds thus is fair, reasonable and

4   adequate, as required by applicable authority.  *See Class Plaintiffs v. Seattle*, 955 F.2d 1268,

5   1284-85 (9th Cir. 1992).

6           The alternative to the proposed Settlement Agreement is continued litigation, with its

7   considerable risk, uncertainty, and expense.  Plaintiffs have raised serious claims that would

8   merit class treatment, but there are several plausible defenses that HP might have raised had the

9   litigation continued.  *See* Pl.'s Approval Br., at 6:20-7:2 (noting potentially applicable defenses).

10  The Class Members have eschewed the uncertainty inherent in further litigation of these claims

11  and defenses.  Given the large number of notifications sent, the volume of communication

12  between Class Members and the Claims Administrator, and the lack of any substantive

13  objections, the Court finds ample evidence that the Agreement is fair, adequate, and reasonable,

14  and provides a sound alternative to continued litigation.  *See In re Paine Webber Ltd. P'ships*

15  *Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2nd Cir. 1997).  The views of

16  counsel for both parties in this matter also support approval of the Agreement.  *See* Pl.'s

17  Approval Br., at 8:6-18.

18           **III. AWARD OF FEES, EXPENSES, AND INCENTIVE PAYMENT**

19           In accordance with Sections 2.5 and 2.6 of the Agreement, Plaintiff's counsel has applied

20  for an award of attorneys' fees and expenses, as well as an incentive award for the named

21  Plaintiff.  Those awards would be paid by Defendant and would not affect the recovery of the

22  Class.  Ninth Circuit authority permits Plaintiff's counsel to recover reasonable attorneys' fees

23  and the costs of litigation.  *See, e.g.*, *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir.

24  1977).  Reasonable fees may be calculated either by the "lodestar" method or as a percentage of

25  the recovery.  *See Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.

26  1990).  "Lodestar" calculations are determined by multiplying the number of hours reasonably

27  expended by a reasonable hourly rate.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th

28

4

Cir. 1998).

Plaintiff requests a total of $150,000 in fees and expenses. Plaintiff's counsel states that 460 hours have been spent to date in prosecuting this litigation. *See* Kolbe Decl. ¶ 5. At counsel's current hourly rate, Plaintiff's "lodestar" amount is $234,758.00. Plaintiff states that its expenses for items such as copying, filing fees, travel to and from depositions, and mediation total $16,602.00. *Id.* ¶ 6. Since Plaintiff's lodestar amount and expenses total over $250,000, an award of $150,000 for both fees and expenses is reasonable.

Finally, the Court has discretion to award the named plaintiff an incentive award, taking into account his investment in the litigation. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). The Court accepts Plaintiff's counsel's representations that Plaintiff "devoted substantial time seeking relief both from HP itself and through the North Carolina Attorney General's Consumer Advocacy Group" prior to filing the litigation, and that he provided substantial assistance in reviewing documents, in addition to traveling considerably to attend mediation sessions. *See* Pl.'s Approval Br., at 9:25-10:2. The Court finds that the $20,000 incentive award requested by Plaintiff is reasonable, and will grant the award.

## IV. ORDER

The Court finds that the Settlement Agreement is fair, reasonable, and in the best interests of the Class. Accordingly, the Court will grant final settlement approval and the requested fees and incentive award, and will sign the parties' proposed settlement order, filed concurrently with this Order.

**IT IS SO ORDERED.**

DATED: 10/28/08

_____
JEREMY FOGEL
United States District Judge

Case No. CV 06-4368 JF (HRL)
ORDER GRANTING FINAL APPROVAL OF CLASS LITIGATION SETTLEMENT, PERMANENT
INJUNCTION, AND JUDGMENT
(JFLC3)

1

2   This Order was served on the following persons:

3   Howard Holderness , III      hholderness@morganlewis.com, cgreenblatt@morganlewis.com

4   John F. Schultz      john.schultz@morganlewis.com, jminio@morganlewis.com

5   Meredith Ann Walworth      mwalworth@morganlewis.com

6   Michael J. Holston      mholston@morganlewis.com

7   Miranda Kolbe      mkolbe@schubert-reed.com

8   Robert A. Particelli      rparticelli@morganlewis.com

9   Robert C. Schubert      rschubert@schubertlawfirm.com

10  Thomas R. Green      tgreen@morganlewis.com, lbuda@morganlewis.com

11  Willem F. Jonckheer      wjonckheer@schubert-reed.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 06-4368 JF (HRL)
ORDER GRANTING FINAL APPROVAL OF CLASS LITIGATION SETTLEMENT, PERMANENT
INJUNCTION, AND JUDGMENT
(JFLC3)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

EDWIN WRIGHT, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

HEWLETT PACKARD COMPANY

Defendant.

Case No.  C06-04368 (HRL)

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT INJUNCTION AND JUDGMENT

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco CA 94111

On October 27, 2008, a Final Fairness Hearing having been held before this Court to determine (1) whether the terms and conditions of the Agreement (the "Agreement"), dated August 27, 2007, are fair, reasonable, adequate and in the best interests of the Class; (2) whether a Final Order should be entered approving the Settlement, dismissing the Litigation with prejudice, releasing the Representative Plaintiff's and the Settlement Class Members' claims against the Released Parties, and permanently enjoining Settlement Class Members who have not opted-out of the Settlement from commencing or prosecuting any action against any of the Released Parties in any federal court, state court, administrative agency, arbitral forum, or any other forum, which relates in any way, directly or indirectly, to the Settlement Class Members' claims; (3) whether the applications by Plaintiff's Counsel for attorneys' fees and expenses and by the Representative Plaintiff for an incentive award should be granted; (4) whether the Settlement Class should be finally certified for purposes of settlement only.

The Court, by order dated June 20, 2008, having preliminarily certified a class solely for purposes of settlement of this Litigation, which class consists of all Persons who purchased for their own use (and not for resale) any of the models of HP Pavilion Home PC configured-to-order computer whose warranty promised free technical phone assistance to diagnose potential hardware

issues for as long as the original owner owned the PC (the "Settlement Class") listed on Attachment 1 hereto, and having considered all objections, requests for exclusion and other matters submitted before and at the Final Fairness Hearing, HEREBY FINDS, with all capitalized terms herein having the meanings set forth in the Agreement, which Agreement (including its exhibits) is incorporated by reference herein in its entirety, that:

1.     The Court has personal jurisdiction over plaintiff Edwin Wright ("Representative Plaintiff" or "Wright"), the Settlement Class Members and defendant Hewlett-Packard Company ("HP"), and has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

2.     Based on the Representative Plaintiff's submission, which HP does not contest for purposes of settlement, the prerequisites for a class Litigation under Fed R. Civ. P. Rule 23(b)(2) and (b)(3) have been satisfied, in that: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the Settlement Class; (3) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class; and (4) the Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class. These findings shall be vacated and have no preclusive effect in this or any other forum in the event this Final Order and Judgment is for any reason (whether as a result of reconsideration, appeal or otherwise) vacated and the Settlement is disapproved, or if the Settlement otherwise does not become Final for any reason;

3.     Notice to the Settlement Class has been given in an adequate and sufficient manner, constituting the best notice practicable, satisfying and complying in all respects with due process and all applicable statutory requirements;

4.     The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement;

5.     The Court has been informed that one objection to the Settlement was submitted in accordance with the requirements of the Class Notice, and further informed that thirty-two (32) Class Members have submitted requests to be excluded from the Settlement Class in accordance with the requirements of the Class Notice;

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT INJUNCTION AND JUDGMENT

Page 2

6.     Representative Plaintiff and HP have negotiated the Settlement at arm's length, through counsel, after lengthy discussion and deliberation and litigation in this Court;

7.     The Court finds that Plaintiff's Counsel adequately represents Settlement Class Members;

8.     The Settlement, including the terms defined therein and the exhibits thereto, is in all respects fair, reasonable, adequate and in the best interests of the Class; and

ACCORDINGLY, the Settlement is hereby fully and finally APPROVED pursuant to Fed. R. Civ. P. 23(e), as the Court finds that the Settlement is fair, reasonable, and in the best interests of the Class. In accordance with the Agreement, the terms of which are hereby incorporated by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

A.     To effectuate the Settlement, this Litigation is certified as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) for settlement purposes only. The Settlement Class shall be defined as: all Persons who purchased for their own use (and not for resale) an HP Pavilion Home PC configured-to-order computer whose warranty promised free technical phone assistance to diagnose potential hardware issues for as long as the original owner owned the PC, except for those individuals who request exclusion from the Settlement Class, listed on Attachment 2.

B.     The Parties are directed to implement and consummate the Agreement according to its terms, definitions and conditions and to comply with all of their obligations under the Agreement.

C.     Upon the Effective Date, HP is ENJOINED and ORDERED to provide free technical phone assistance to the Settlement Class Members to diagnose potential hardware issues for as long as the Settlement Class Members continue to own their PCs. The injunction is limited to technical phone assistance regarding potential hardware issues; consequently, HP shall not be required to provide free technical phone assistance to diagnose potential non-hardware issues (i.e., software and operating system problems, virus and spyware removal). Moreover, the injunction shall not expand or otherwise affect HP's obligation, as set forth in HP's Limited Warranty, to provide repair or replacement of hardware or software.

D.     Pursuant to the terms of the release set forth in Paragraph 4.3 of the Agreement, the Court hereby directs that:

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT INJUNCTION AND JUDGMENT

Page 3

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco CA 94111

1

2

3

4

5

6

Upon Final Approval, the members of the Settlement Class (which shall not include any Person who has filed a proper and timely request for exclusion from the Settlement Class) shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, that actually were, or could have been, asserted in the Litigation and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, based upon the facts alleged in the Litigation, including, but not limited to, any claim that HP failed to provide free technical phone assistance to Settlement Class Members in accordance with the obligations set forth in HP's Limited Warranty Statement

7

8

9

10

11

E.     Representative Plaintiff and all Settlement Class Members who did not opt-out of the Settlement are hereby permanently enjoined from commencing or prosecuting any Litigation, lawsuit or complaint against any of the Released Parties in any federal court, state court, administrative agency, arbitral forum or any other forum, which relates in any way, directly or indirectly, to the Class Claims as defined in the Agreement and Class Notice.

12

13

14

15

16

F.     Nothing in this Final Order and Judgment or in the Agreement shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by HP, or of the truth or merit or lack of truth or merit of any of the claims or allegations made by Representative Plaintiff in this Litigation.

17

18

19

20

G.     If this Final Order and Judgment is for any reason (whether as a result of reconsideration, appeal or otherwise) vacated and the Settlement is disapproved, or if the Settlement otherwise does not become final for any reason, any and all orders certifying this Litigation as a class action shall be vacated, and this Litigation shall revert to its procedural posture at the time immediately before the Agreement was executed by the Parties.

21

22

23

24

25

26

27

28

H.     Except in connection with the enforcement of the Settlement, no Representative Plaintiff, Settlement Class Member, Plaintiff's Counsel or counsel to any Settlement Class Member, or anyone acting or purporting to act on their behalf or anyone under their control, may in any proceeding in any forum utilize as evidence for any purpose the Agreement, any of its provisions or exhibits, or any of the negotiations or information provided by Plaintiff's Counsel, HP's Counsel, or HP in the course of those negotiations and proceedings relating thereto; nor may any of the above-described persons use any documents or information provided as a result of formal and informal

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT INJUNCTION AND JUDGMENT

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco CA 94111

1   discovery in : (i) as evidence or otherwise in this Litigation or any other action or proceeding for any

2   purpose whatsoever; or (ii) in a manner that will prejudice the rights of either the Representative

3   Plaintiff or HP.  Moreover, Plaintiff's Counsel, the Representative Plaintiff and Settlement Class

4   Members shall not argue or attempt to argue that the Settlement supports, directly or indirectly, the

5   certification of a contested class, in this or in any other action, against any Released Party at any

6   time in the future.  Nothing in this paragraph is intended to alter, amend or limit any provision in the

7   Agreement.

8       I.      Plaintiff's Counsels' application for the payment of attorneys' fees and expenses in

9   the amount of $150,000 is GRANTED, and HP is directed to tender said amount in accordance with

10  the Agreement.  HP shall not be obligated to pay any other attorneys' fees, expenses, costs or

11  disbursements to Plaintiff's Counsel, the Representative Plaintiff or Settlement Class Members in

12  connection with this Litigation.

13      J.      The Representative Plaintiff's application for an incentive award in the amount of

14  $20,000.00 is GRANTED, and HP is directed to tender said amount in accordance with the

15  Agreement.  HP shall not be obligated to pay any other consideration to the Representative Plaintiff

16  distinct from the consideration provided to all other Settlement Class Members in connection with

17  this Litigation.

18      K.      The Complaint is hereby dismissed with prejudice and without costs and fees, except

19  as expressly provided for in this Final Order and Judgment.

20      L.      Exclusive jurisdiction is hereby retained over the Representative Plaintiff, Settlement

21  Class Members and HP for all matters relating to the Settlement, including, but not limited to, the

22  administration, interpretation, effectuation or enforcement of the Agreement and this Final Order,

23  Permanent Injunction and Judgment.

SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco CA 94111

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT
INJUNCTION AND JUDGMENT

1    IT IS SO ORDERED.

2

3

4

5    Dated: ___October 28___, 2008

6                                    The Honorable Jeremy Fogel
                                     United States District Court Judge
7

8

9

10

11

SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco CA 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL TO CLASS LITIGATION SETTLEMENT, PERMANENT
INJUNCTION AND JUDGMENT